FELICE JOHN VITI, Acting United States Attorney (#7007)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (DC #994799)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER SOLOMON PROCTOR, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 2:25-CR-00362-RJS |

☒  The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☒  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☒  **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure

to register under 18 U.S.C. § 2250.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:
  ☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
    ☒ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed.

The Defendant is charged in Count 1 of the Indictment with a violation of 18 U.S.C. § 844(i), Attempted Arson. That offense has a maximum term of imprisonment of 20 years, and a mandatory minimum of 5 years imprisonment. 18 U.S.C. 844(i) is on the of the offenses listed in 18 U.S.C. § 2332b(g)(5)(B).

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or

involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

The Indictment charges conduct that, based on the statutory framework for detaining defendants, should give this Court heighted consideration when assessing the danger releasing the Defendant to the community would create. First, arson, by its very nature, involves a grave threat to life and property. Congress has reflected that dangerousness by categorizing the specific offense to which Defendant has been charged as both a basis for detention and the basis for a rebuttable presumption of detention. Second, cases involving a destructive device, which is alleged against the Defendant in Count 2 of the Indictment, are specifically identified in 18 U.S.C. § 3142(g)(1) as something Courts are to consider when assessing the need for detention.

In the present matter, the Defendant's actions leading to the charge of attempted arson - attempting to set a news station vehicle on fire - were particularly perilous. First, the device itself contained over a gallon of gasoline, the ignition of which could have resulted in a violent explosion. Second, the placement and ignition of the fuse to the device under the vehicle demonstrates its utilization as a weapon. Third, the device was placed at a time of day when the business in question had staff arriving to work for early morning broadcasts. But for the self-termination of the fuse and the resulting failure of the device to conflagrate, many people at work that morning would have been imperiled. Fourth, the nature of the business in this case – a television broadcast company – was operating at time with many of the citizens in the state of Utah were tuned into television networks to state up-to-minute on the then-evolving investigation of the murder of Charlie Kirk.

The Defendant's dangerous and criminal conduct put many members of the community at risk. As such, the nature and circumstances of the offense demonstrate Defendant's dangerousness and, thus, weigh heavily in favor of his continued detention.

☒   The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

This factor weighs in favor of detention. First, the Defendant's DNA was on the device, which is what initially led law enforcement to investigate him. Second, the Defendant's vehicle was captured on a license plate reader in the vicinity of the crime within minutes of its commission. Third, law enforcement recovered items at the Defendant's residence that were similar to what the subject who placed the device at the new station wore and materials used to construct the device. Included in the items recovered by law enforcement were black ninja boots, which appear similar to the boots worn by the individual captured on surveillance footage of the incendiary incident, an

3

empty gas can with a hole carved in the top, a portion of a multicolored fuse that appears similar to the fuse used in the incendiary incident. Fourth, the Defendant admitted to an acquaintance that he [the Defendant] set a destructive device under a vehicle at "fox news" and lit the fuse. The Defendant told the acquaintance that it did not blow up. The Defendant had mentioned burning Fox News on previous occasions. Fifth, text messages from the Defendant indicate that the charge offense was planned.

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

The United States will address this factor at the detention hearing.

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

As set forth more fully above in the factual summary of the nature and seriousness of the offense, Defendant's behavior was dangerous.  This factor, again, weighs in favor of detention.

Importantly, a week after the attempted arson at the news station, the Defendant was observed returning to the scene of the crime. More specifically, he was observed by law enforcement surveillance driving slowly past the building several times before departing the vicinity. During the course of the investigation, law enforcement learned that the Defendant purchased more canon fuse just four days after the failed attempt. That purchase, the presence of another gas-can at his residence and the deliberate re-surveilling of the news station lead to an inference that the Defendant may not have been satisfied with his failed attempt.

☒  Other reasons including:

The victims in this case – the men and women working in the early morning hours of September 12, 2025 – a dozen people in the building at 4:00 A.M. with 18 more set to be in their seats by the 5 A.M. broadcast cannot be ignored. These employees were working at a time when our community, and indeed our nation, was in a heightened state of concern and worry. The Defendant chose precisely that time to place his device directly underneath the gas tank of a vehicle.  If the device alone weren't dangerous enough, the potential for ignition of the gas tank had the potential to generate an

amplified fireball.

      This Defendant has demonstrated that he cannot constrain his conduct. His actions demonstrate an indifference to the health and safety of men and women in this community. He dangerous actions, his apparent interest in re-assembling another device and his re-visiting the scene of his previous crime, suggest that he will pose a danger to the community if released. There are no conditions or combination of conditions that would reasonably assure the safety of the community were Defendant released. Therefore, the Defendant should be detained pending trial.

### Victim Notification

☒ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

      The position of the victim on the detention of the defendant is: The victim wants the Defendant to remain in custody.

☒ The victim in this matter seeks a no contact order.

      DATED this 3rd day of October 2025.

                                    FELICE JOHN VITI
                                    ACTING UNITED STATES ATTORNEY

                                    MICHAEL J. THORPE
                                    Assistant United States Attorney