.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER PROCTOR, <br><br> Defendant. | ORDER TO CONTINUE JURY TRIAL <br><br><br> Case No. 2:25-cr-362 RJS |

Based on the Motion to Continue Jury trial filed by defendant Christopher Proctor in the above-entitled case, and for good cause appearing, the Court makes the following findings:

1.      Mr. Proctor made his initial appearance on this case before Magistrate Judge Pead on September 29, 2025.  The trial was scheduled to begin on December 9, 2025.

2.      Mr. Proctor is moving to continue trial pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice) because the ends of justice served by taking such action outweighs the best interest of the public and defendant in a speedy trial.  This is the first request to continue trial in this matter.

3.      The length of delay requested is at least 120 days from the current scheduled trial date.

4.      The delay resulting from the requested continuance is necessary and excludable under the Speedy Trial Act because failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

5.      Specifically, defense needs additional time to investigate this matter.  Defense counsel has received discovery and continues to investigate circumstances regarding this matter that need to be investigated.  Defense counsel has met with Mr. Proctor multiple times and discussed this case with him.

6.      Mr. Proctor is currently in custody.  He agrees to a continuance and agrees the continuance is necessary and that the defense will not be hindered or prejudiced by the delay.

7.      Assistant United States Attorney Michael Thorpe stipulates to the continuance.

8.      There are no co-defendants in this case.

        Based on the foregoing findings, the Court concludes that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation taking into account the exercise of due diligence.  Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

        Therefore, the five-day jury trial previously scheduled to being on December 9, 2025 is hereby continued to the   14th   day of    April   , 2026, at   9:00   a.m.  Accordingly, the time between the date of this order and the new trial date set forth above is excluded from speedy trial computation for good cause.

        DATED this   4th   day of December, 2025.

                        BY THE COURT:

                        _____
                        Honorable Robert J. Shelby
                        United States District Court Judge